## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 6:12-334** |
| | **CIVIL NO. 6:15-2889** |
| **VERSUS** | **JUDGE HAIK** |
| **RAY HATTON, III** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Before the court is  is the Motion to Correct Illegal Sentence  filed by petitioner, Ray Hatton, III, pursuant to 28 U.S.C. § 2255.  [rec. doc. 47].   This matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

On December 11, 2012, Hatton was named in a multi-count indictment. [rec. doc. 1]. On May 13, 2013, he plead guilty to one count of receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), Count 2 of the indictment. [rec. docs. 26 and 28].

Petitioner appeared for sentencing on October 29, 2013, at which time petitioner was sentenced to 121  months imprisonment and a lifetime term of supervised release.  [rec. docs.  31 and 32].

 Petitioner directly appealed to the United States Fifth Circuit Court of Appeal arguing that his sentence was procedurally and substantively unreasonable.

On September 3, 2014 the Fifth Circuit affirmed. *United States v. Hatton*, 581 Fed. Appx. 375 (5th Cir. 9/3/14). Mandate was issued on September 25, 2014. [*See* rec. doc. 46]. Petitioner did not seek further direct review in the United States Supreme Court. [rec. doc. 47, pg. 2, ¶ 9(g)].

The instant Motion was signed by petitioner on December 23, 2015 and filed by the Clerk of this Court on December 28, 2015. Petitioner asserts that his plea was not voluntarily or intelligently entered because he was not advised nor did he understand the "knowledge" element of the crime to which he plead guilty, and that he received ineffective assistance of counsel during his plea proceeding and at sentencing because counsel did not explain the "knowledge" element and failed to object to a five level sentence enhancement pursuant to USSG § 2G2.2(b)(7)(D) or the imposition of lifetime supervised release.

## LAW AND ANALYSIS

**Untimeliness of the Instant Motion**

Title 28 U.S.C. § 2255 provides a one-year statute of limitations for the filing of motions pursuant to § 2255. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final 90 days after the Fifth Circuit issued its September 3, 2014 opinion affirming petitioner's conviction and sentence, that is, on December 2, 2014. *See Clay v. United States,* 537 U.S. 522, 527, 123 S.Ct. 1072, 155

L.Ed.2d 88 (2003); Sup. Ct. R. 13(1) and 13(3); *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008); *United States v. Forrester,* 401 F. App'x 919, 920 (5th Cir. 2010)*; United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008); *United States v. Gamble*, 208 F.3d 536, 536 (5th Cir. 2000) (*per curiam*).

Petitioner alleges that his judgment of conviction became final for purposes of the federal one year limitation period 90 days after September 24, 2014 when the Fifth Circuit issued its mandate.  However, that argument is without merit and foreclosed by precedent.  *See Id.*  The issuance of the mandate does not determine when a conviction is final for purposes of the federal statute of limitations.  *Petty*, 530 F.3d at 365 *citing Gamble,* 208 F.3d at 536. To the contrary, Rule 13 of the Rules of the Supreme Court of the United States provides a 90 day period for seeking a writ of certiorari, which runs "from the date of entry of the judgment . . . and not from the issuance date of the mandate . . . ." Sup. Ct. R. 13(1) and 13(3); Clay, 537 U.S. at 527.  The judgment of a court of appeals is entered on the same date that the court issues an opinion announcing its ruling. *Forrester,* 401 F. App'x at 920 *citing Petty*, 530 F.3d at 365.

Petitioner therefore had one year, or until December 2, 2015 to file his § 2255 Motion in this Court.  The instant Motion was not filed until, at the earliest,

December 23, 2015.[1]  Thus, it is clear that petitioner's claims cannot be considered under the period established by 28 U.S.C. § 2255(f)(1).

Moreover, petitioner does not rely on one of three statutory exceptions to the general rule set forth in § 2255(f)(1) which can, in appropriate cases, extend the time for filing a § 2255 motion beyond the one-year period after final conviction.  *See* 28 U.S.C. § 2255(f)(2)(3) and (4).  Petitioner does not claim that the Government created an impediment to filing his motion, that any of his claims rely on a new rule of constitutional law that is retroactively applicable to cases on collateral review or that his claims rely on the newly discovered facts which could not have been discovered through the exercise of due diligence.  Thus, subsections (2), (3) and (4) are inapplicable.

Finally, petitioner is not entitled to equitable tolling.  The Fifth Circuit has held that the statute of limitations in § 2255 may be equitably tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) *quoting Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court, when assuming without deciding that equitable tolling is available, articulated that to be entitled to equitable tolling, the petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing."

---

[1]  Petitioner signed his Motion on December 23, 2015.  Accordingly, the Court has given petitioner the benefit of the "mailbox" rule.

*Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007) ; *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807,161 L.Ed.2d 669 (2005). The burden of proof concerning equitable tolling is on the petitioner. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has not met his burden of showing that rare, exceptional or extraordinary circumstances beyond his control prevented him from timely filing his § 2255 Motion, nor does the record support equitable tolling of the statute of limitations in the instant case. The circumstances faced by petitioner were not extraordinary so as to provide a basis for equitable tolling. Indeed, under similar circumstances, the Fifth Circuit in *United States v. Petty* held that equitable tolling is not available. *Petty*, 530 F.3d at 365- 366. Like Petty, petitioner should have known that the date the Fifth Circuit's direct appeal opinion issued was the relevant date for limitations purposes, not the date the mandate issued. *Id*. at 365. Petitioner's status as a *pro se* litigant is alone insufficient to equitably toll the limitation period and does not relieve petitioner from following applicable procedural rules. *Id.* at 365-366 *citing Lookingbill v. Cockrell*, 293 F.3d 256, 264 n. 14 (5th Cir. 2002). Further, the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the statute of limitations. *Id*. at 366 *citing Felder v. Johnson*, 204 F.3d 168, 171-172 (5th Cir. 2000) and *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

For the foregoing reasons, the Court finds that Ray Hatton, III's § 2255 Motion to Correct Illegal Sentence should be denied and dismissed because petitioner's claims are barred by the one-year limitation period.

Accordingly, **IT IS RECOMMENDED** that Ray Hatton, III's Motion to Correct Illegal Sentence filed pursuant to Title 28 U.S.C. § 2255 be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana this 30th day of December, 2015.

_____
**PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE**